IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RONALD L. COLLINS,

    Plaintiff,

vs.

No. 17-2704-SHL-dkv

WASTE MANAGEMENT,

    Defendant.
_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS
_____

Before the court is the October 30, 2017 motion of the defendant, Waste Management, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), to dismiss the complaint filed by the plaintiff, Ronald L. Collins ("Collins"), proceeding *pro se*, for insufficient process and insufficient service of process. Collins has not responded to the motion, and the time for response has expired. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Collins's insufficient service be quashed and that Collins have thirty days to perfect service.

I. PROPOSED FINDINGS OF FACT

On September 22, 2017, Collins, filed a *pro se* complaint against the defendant, Waste Management, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and age discrimination in violation of 29 U.S.C. §§ 621-34. (Compl., ECF No. 1.) On September 29, Collins filed with the court a "Proof of Service" form, in which he did not fill in any of the blanks but attached a certified mail receipt indicating that Cathy Webb ("Webb") signed on behalf of Waste Management on what appears to be September 26, 2017. (ECF No. 8.)

Waste Management filed the current motion to dismiss on October 30, 2017, in which it argues that the court should dismiss Collins's complaint without prejudice for insufficient process and insufficient service of process or, alternatively, quash the insufficient process and service of process and direct Collins to properly serve Waste Management. (Def.'s Mem. Supp. Mot. to Dismiss 1, ECF No. 9-1.) Waste Management avers that service of process was insufficient because Webb, a clerical employee who was not authorized to receive service of process on behalf of Waste Management, signed for the certified mail addressed only to "Waste Management"[1] and that process was

---

[1]Waste Management points out that its legal name is "Waste Management, Inc. of Tennessee" and notes that "Plaintiff filed a *pro se* complaint against a non-existent and therefore incorrect entity, named 'Waste Management.'" (Def.'s Mem. Supp. Mot. to

insufficient because the mail contained only a "Summons in a Civil Action" without a copy of the complaint and also because Collins did not fulfill the proof of service requirement. (*See id.* at 3-4; Aff. Hank Williams, Jr., ECF No. 9-1.) In the motion to dismiss, Waste Management asserts that the only agent authorized to receive service of process on behalf of Waste Management, as identified by the Tennessee Secretary of State website, is CT Corporation System located in Knoxville, Tennessee. (Def.'s Mem. Supp. Mot. to Dismiss 2, ECF No. 9-1.)

Pursuant to Local Rule 12.1(b), Collins had 28 days to file a response to Waste Management's Motion to Dismiss; however, no response was filed.

II. PROPOSED CONCLUSIONS OF LAW

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)(citations omitted); *see also Omni Capital, Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal

---

Dismiss 1, ECF No. 9-1.) "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(citation omitted). Under this liberal construction, Collins's naming Waste Management as the defendant instead of "Waste Management, Inc. of Tennessee" does not affect the validity of the complaint.

3

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990)(stating the same). Courts do not "allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *see also Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)(noting that defendant's actual notice of litigation is not a substitute for proper service under Rule 4).

Federal Rule of Civil Procedure 4 governs service of a summons and complaint in federal courts. Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation is properly served if: (1) service is effected in accordance with state law in the state where the district court is located or where service is made, or (2) a copy of the summons and complaint is delivered to an officer or authorized agent. *Id.* Tennessee law provides for service on a corporation by delivery of the summons and complaint to an officer, managing agent, or other agent authorized to receive service of process, Tenn. R. Civ. P. 4.04(4), or by certified mail to an officer, managing agent, or other agent authorized to receive service of process, Tenn. R. Civ. P. 4.04(10). However, service by certified mail is typically insufficient if the defendant or an authorized agent does not sign for the mail. *See Dolan v. United States*,

514 F.3d 587, 595-96 (6th Cir. 2008)(finding insufficient service where certified mail receipt was signed by person whose authority was not shown in the record); *Fite v. Comtide Nashville, LLC*, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010)(quoting *Massey v. Hess*, No. 1:05-cv-249, 2006 WL 2370205, at *2 (E.D. Tenn. Aug. 14, 2006))("While the Tennessee Rules of Civil Procedure permit service by mail, unless the package is actually received and signed for by the defendant or his 'authorized agent,' service of process by mail delivery is not effective.").

Both federal law and Tennessee law require a summons to be served along with a copy of the complaint. Fed. R. Civ. P. 4(c)(1); Tenn. R. Civ. P. 4.04(3), (10). Service of summons without a complaint is not effective service. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345–46 (5th Cir. 1992)(holding that default was inappropriate where defendant was served with summons without complaint); *Dividock v. KCAD-FSU*, No. 5:05-cv-74, 2005 WL 2090895, at *1-2 (W.D. Mich. Aug. 30, 2005)(finding service not effective where *pro se* plaintiff served defendant with a copy of the summons without a copy of the complaint); *see also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093, at 677-78 (4th ed. 2015)(stating that even though a complaint is on file in the clerk's office, service of a summons without a copy of the

5

complaint is not effective service). According to Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Lastly, the plaintiff must provide proof of service to the court unless service is waived, and "proof must be by the server's affidavit" unless there has been service by a marshal. Fed. R. Civ. P. 4(l)(1).

In the current motion, Waste Management argues that the court should dismiss the complaint because Collins did not properly serve Waste Management, or in the alternative, quash service and direct Collins to perfect service in accordance with Rule 4. (Def.'s Mem. Supp. Mot. to Dismiss 1, ECF No. 9-1.) Waste Management argues that service was insufficient under both federal and Tennessee law because: (1) Collins did not serve the summons on an agent authorized to receive service of process on Waste Management's behalf, (2) Collins failed to serve the complaint along with the summons, and (3) Collins did not provide proper proof of service. (*Id.* at 2-3.)

In a declaration attached to Waste Management's motion to dismiss, Hank Williams, Jr. ("Williams"), District Manager at Waste Management Inc. of Tennessee, avers that Webb, a clerical

employee who is not authorized to receive service of process on behalf of Waste Management, signed a certified mail receipt sent by Collins that was addressed generally to "Waste Management." (Aff. Hank Williams, Jr., ECF No. 9-1.) Williams also avers that the certified mail signed for by Webb contained a "Summons in a Civil Action" issued by the Clerk but did not contain a copy of the complaint. (*Id.*) Collins has not disputed such facts, so this court decides the issue as a question of law. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999)(citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1154 (6th Cir. 1991))(noting that where facts are undisputed, determination of whether service of process is adequate is a question of law). Because Collins did not serve a copy of the complaint that is docketed in this case and because Collins did not serve a proper officer, managing agent, or other agent authorized to receive service of process, service is improper under Federal Rule of Civil Procedure 4(c)(1) and (e), as well as under Tennessee Rule of Civil Procedure 4.04(3), (10).

Lastly, Collins has not submitted proof of service to the court by server's affidavit pursuant to Rule 4(l). *See* Fed. R. Civ. P. 4(l)(1). Although failure to prove service alone does not affect the validity of otherwise valid service of process, Collins's service of process here is improper for the aforementioned reasons. Thus, this court recommends that the

7

insufficient service be quashed and that Collins be granted thirty days to perfect service. *See* Fed. R. Civ. P. 4(m).

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Collins's insufficient service be quashed and that Collins be granted thirty days to perfect service.

Respectfully submitted this 22nd day of December, 2017.

s/Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.